UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HIPOLITO CLAUDIO, JR.,

    Petitioner,

v.                                                                                           Case No. 09-C-1152

COLUMBIA CORRECTIONAL INSTITUTION,

    Respondent.

## ORDER ON RULE 4 REVIEW

On December 16, 2009, the petitioner, Hipolito Claudio, Jr. ("Claudio"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the attachments filed therewith, Claudio was convicted of attempted first degree intentional homicide, while armed as party to a crime, in violation of Wis. Stats. §§ 940.01(1)(a), 939.05, 939.32, and 939.62, and armed robbery, as party to a crime, in violation of Wis. Stats. §§ 943.32(1)(a) and (2) and 939.05. On November 28, 2000, judgment was entered and he was sentenced by the Milwaukee County Circuit Court to serve sixty years incarceration on count one and thirty years incarceration on count two.

On September, 16, 2002, the Wisconsin Court of Appeals affirmed Claudio's judgment of conviction. Claudio did not file a petition for review with the Wisconsin Supreme Court.

Over four years later, on October 11, 2006, Claudio filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. That motion was denied by the circuit court on October 12, 2006. Claudio's motion for reconsideration was denied by the circuit court on October 31, 2006. On April 29, 2008, the Wisconsin Court of Appeals affirmed the circuit court's denial of Claudio's motion for postconviction relief. On September 11, 2008, the Wisconsin Supreme Court denied Claudio's petition for review. Thereafter, as previously stated, Claudio filed his federal habeas corpus petition on December 16, 2009.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on the procedural history following Claudio's state court conviction, as set forth above, this court is concerned that Claudio's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Claudio's petition, it will order the parties to submit briefs addressing only the issue of timeliness.

**NOW THEREFORE IT IS ORDERED** that on or before February 1, 2010, the respondent shall file a brief addressing the timeliness of Claudio's habeas corpus petition;

**IT IS FURTHER ORDERED** that on or before March 1, 2010, Claudio shall file a brief in response to the respondent's brief on the issue of the timeliness of Claudio's habeas corpus petition.

**SO ORDERED** this 22nd day of December 2009, at Milwaukee, Wisconsin.

>> s/ William E. Callahan, Jr.
>> WILLIAM E. CALLAHAN, JR.
>> United States Magistrate Judge