UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HIPOLITO CLAUDIO, JR.,

    Petitioner,

v.                                                      Case No. 09-C-1152

GREGORY GRAMS, Warden[1],

    Respondent.

**DECISION AND ORDER ON TIMELINESS OF HABEAS CORPUS PETITION**

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On December 16, 2009, the petitioner, Hipolito Claudio, Jr. ("Claudio"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon Rule 4 review, this court ordered the parties to file briefs on the issue of the timeliness of Claudio's habeas corpus petition. Those briefs have been filed and the issue of the timeliness of Claudio's petition is now ready for resolution.

The parties' respective filings demonstrate that, upon entry of his guilty plea to both charges in state court, Claudio was convicted of attempted first degree intentional homicide, while armed as party to a crime, in violation of Wis. Stats. §§ 940.01(1)(a), 939.05, 939.32, and 939.62, and armed robbery, as party to a crime, in violation of Wis. Stats. §§ 943.32(1)(a) and (2) and 939.05. On November 28, 2000, judgment was entered and he was sentenced by the Milwaukee County Circuit Court to serve sixty

---

[1] The petitioner originally named Columbia Correctional Institution as the respondent. However, pursuant to Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The state officer at Columbia Correctional Institution who has custody of Claudio is Gregory Grams. Therefore, the court will amend the caption to read as such.

years incarceration on count one and thirty years incarceration on count two.

Claudio's counsel filed a no-merit appeal of Claudio's conviction pursuant to Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738 (1967), in the Wisconsin Court of Appeals. Claudio himself filed a response to the no-merit report. According to the court of appeals, Claudio admitted that there was no merit to the appeal. Thus, on September 16, 2002, the court of appeals affirmed Claudio's judgment of conviction. Claudio did not file a petition for review with the Wisconsin Supreme Court.

Over four years later, on October 11, 2006, Claudio filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. That motion was denied by the circuit court on October 12, 2006. Claudio's motion for reconsideration was denied by the circuit court on October 31, 2006. On April 29, 2008, the Wisconsin Court of Appeals affirmed the circuit court's denial of Claudio's motion for postconviction relief. On September 11, 2008, the Wisconsin Supreme Court denied Claudio's petition for review. Thereafter, as previously stated, Claudio filed his federal habeas corpus petition on December 16, 2009.

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the one-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct

2

  review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  For Claudio, his one-year period of limitations began to run on October 16, 2002.[2] Thus, in order to be timely, his federal habeas corpus petition had to be filed by October 16, 2003. But, it was not filed until December 16, 2009. It therefore follows that, unless there is some basis for tolling the period between October 16, 2002 and December 16, 2009, Claudio's petition was filed in untimely fashion and must be dismissed.

  To be sure, on October 11, 2006, Claudio filed a postconviction motion in state court. And, pursuant to 28 U.S.C. § 2244(d), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, by the time Claudio filed his postconviction motion, the one-year federal habeas statute of limitations had already

---

[2] Because Claudio had thirty days to file his petition for review in the Wisconsin Supreme Court, *see* Wis. Stat. § 808.10, his federal limitations period begins to run after the conclusion of that time. *See* 28 U.S.C. § 2254(d)(1)(A).

3

expired. Unfortunately for Claudio, "a state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). *See also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (stating that "a state proceeding that does not begin until the federal year has expired is irrelevant" and does not restart the one-year time limitation).

Claudio advances two arguments in an effort to persuade this court that his petition should not be dismissed as untimely. First, he argues that

> [a]s a matter of federal law the current Habeas Corpus rules under 28 U.S.C.S. Sec. 2254 allow a defendant (Petitioner) 1 (one) year after his direct appeal is finalized to file a Petition for Habeas Corpus. However, federal law makes an exception to this rule when a State creates an impediment to a Petitioner's right to seek Habeas relief. (at 28 U.S.C.S. 2244(d)(1)(B)).
>
> It is under this premise that Petitioner compel[]s this court to waive the time limitations on his petition.
>
> Petitioner challenges that he was prosecuted against his right to not be prosecuted while incompetent, and that as a result of this violation of his Due Process under the 14th Amendment Petitioner was unable to properly defend himself in appeal of this unconstitutional conviction. As a result of being forced to participate in the adversarial process while incompetent the Petitioner made waivers of appellate rights that an incompetent person is protected from waiving. Including his direct appeal rights and his right to file a Habeas Corpus Petition under 28 U.S.C.S. Sec. 2254 within the 1 year time limitation.

(Pet'r's Br. at 1.)

In other words, Claudio argues that he should be excused from the one year limitations period because the State prosecuted and incarcerated him while he was "incompetent." Such action on the part of the State constituted "State action" that served as an impediment to his being able to file a federal habeas petition in a timely manner. See 28 U.S.C. § 2254(d)(1)(B).

As for how long a period of time this court should excuse before reinvoking the provisions of

4

§ 2244, Claudio argues as follows:

> It is true that Petitioner did not file any motions between the time his direct appeal was closed on 10-16-02 and 10-11-06 when he filed a post-conviction motion, a four year period, but this was not due to a lack of due diligence. The petitioner experienced behavioral issues in prison due to his vulnerable mind state, which led him to act out and be segregated from other inmates for 3 years and 3 months, and prevented him from receiving treatment or assistance for that period of time. It was not until Petitioner was released into general population that he was able to get assistance from "jailhouse Lawyers" and filed the State Post-conviction motions that led to this Habeas Corpus Petition, as soon as Petitioner was able to do so.

(Pet'r's Br. at 2.)

In other words, Claudio seems to argue that the entire time between the date of his conviction and the date on which he filed his postconviction motion in state court should not be counted toward his one year limitations period. This is because during that entire period of time: he was "incompetent"; such incompetence caused him to act out; such acting out caused him to be placed in segregation; and such segregation caused him to be separated from those "jailhouse lawyers" who ultimately helped him file his postconviction motions. According to Claudio, the State's prosecuting him, jailing him, and segregating him while he was "incompetent" constituted an "impediment to [his] filing an application" that was "created by State action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B).

Claudio's second argument is that "the 1 year time limitation to file a Petition under 28 U.S.C.S. Sec. 2254 is unconstitutional where it deprives an incompetent defendant relief guaranteed by the Due Process Clause of the 14th Amendment." (Pet'r's Br. at 3.) He also argues that the one-year limitations period is unconstitutional in that it "violates the Suspension Clause, U.S.C.S. Const. Art. I, Sec. 9, C12." (Pet'r's Br. at 4.)

Claudio's arguments must be rejected. Simply stated, he has not demonstrated that he was

5

"incompetent" at any time. To be sure, attached to his brief are: (1) a "Psychiatric Report" concerning Claudio that is dated 12/15/01 and (2) a copy of a document that is identified as "Physician's Orders" for the period of time from 8/14/00 through 1/12/01. But neither of these documents supports a finding that Claudio was "incompetent" during any of the time period identified.

The "Psychiatric Report" indicates that Claudio was referred to the Bureau of Health Services per a referral from a Dr. Abrams. The report reads, in pertinent part, as follows:

> Mr. Claudio is here today per referral from Dr. Abrams. Dr. Abrams note stated that "Mr. Claudio had previously taken Paxil for anxiety and paranoia. He stopped taking medication approximately one year ago. He has been experiencing some depression. He sleeps almost 16 hours a day, and had some difficulty concentrating. He is also having violent thoughts approximately ten times per day. He would like to go back on his medication as soon as possible as he found it helpful."
>
> Hipilito stated initially that he doesn't know why he is here but later stated that he was advised to come here for medication for depression. Although he stated that he did not feel that the medication was helpful, he acknowledged that he did not get into much trouble when he was on medication. He stated that he sleeps all day, is always mad and feels like hurting people. He also stated preoccupation and frequent fantasies about going out. His appetite remains good but energy and concentration has decreased. Mr. Claudio was very vague in expressing his symptoms. He also has poor eye contact. He acknowledged violent thoughts about people, mostly officers and inmates, but denied any intent or plan. He denied suicidal thoughts.

(Pet'r's Br. Ex. A, at 1.)

He was diagnosed as suffering from "Mood Disorder NOS [;] Alcohol and Cannabis Abuse Versus Dependence, in remission due to controlled environment." (Ex. A at 1.) The physician's recommendation was as follows:

> 1. Will restart Paxil 10 mg q am for one week and 20 mg thereafter. He was reinformed of the risks, benefits and side effects of Paxil. He consented to restart this medication.
> 2. Continue follow up with Clinical Services.
> 3. Follow up in two weeks.

6

(Pet'r's Br. Ex. A, at 2.)

In turn, the "Physician's Orders" reveal Claudio's receiving Paxil on 8/14/00; "D/C Paxil" on 11/18/00; receiving Paxil on 12/15/00; and receiving Paxil on 1/12/01. (Pet'r's Br. Ex. B, at 1.)

Simply stated, Claudio's submissions do not suggest any "incompetence."

Furthermore, in its decision of April 29, 2008, affirming the decision of the circuit court denying Claudio's motion for postconviction relief, the Wisconsin Court of Appeals had occasion to address Claudio's claim that he was incompetent at the time he entered his guilty plea. The court stated:

> Claudio claims that he was on medication that caused him to be "confused and unfocused," as allegedly evidenced by his behavior during the plea colloquy. We have reviewed the guilty plea questionnaire and waiver of rights form and the transcript of the guilty plea hearing. In the former, Claudio denied he was on any medication. During the latter, there are no inconsistent or tentative responses, nor is there evidence of confusion. The record belies Claudio's allegations of confusion, much less incompetency. (fn 4. Although the trial court denied Claudio's motion as procedurally barred, it described him as "coherent and rational during the entire plea hearing.")

(Ct. App. Dec. ¶ 9.)

The court of appeals further stated as follows:

> Claudio implies in his postconviction motion that his counsel's alleged ineffectiveness precluded him from realizing that he should have challenged his competency and the constitutionality of his confession before pleading guilty, and that his claimed incompetence rendered invalid his guilty pleas. He also alleges that had his trial counsel conducted an adequate factual investigation, he may not have pled guilty. Claudio was aware of the facts underlying these claims when he pled guilty, and certainly by the time he responded to the no-merit report. He did not mention any concerns regarding these claims or their underlying facts during the guilty plea hearing or in his no-merit response. Consequently, we independently conclude that he has not overcome *Tillman*'s procedural bar to belatedly litigate these claims. Moreover, his substantive claims are not supported by the record. Consequently, the trial court properly exercised its discretion in summarily denying Claudio's postconviction motion for failing to allege a sufficient reason for neglecting to identify these concerns in his no-merit response.

(Ct. App. Dec. ¶ 13.)

In the face of the foregoing, Claudio has failed to demonstrate that he was "incompetent" from when he entered his guilty plea in November 2000 until October 11, 2006, when he filed his postconviction motion in state court. Such being the case, it necessarily follows that he has failed to demonstrate that the State's incarcerating him while he was incompetent served as an "impediment to [his] filing an application" that was "created by State action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B). Thus, Claudio's first argument in support of the timeliness of his habeas corpus petition is rejected.

To reiterate, Claudio's second argument, at least in part, is that "the 1 year time limitation to file a Petition under 28 U.S.C.S. Sec. 2254 is unconstitutional where it deprives an incompetent defendant relief guaranteed by the Due Process Clause of the 14th Amendment." (Pet'r's Br. at 3.) But because Claudio has failed to demonstrate that he was "incompetent" at any time, it necessarily follows that such argument must be rejected.

Finally, Claudio argues that the one-year limitations period is unconstitutional in that it "violates the Suspension Clause, U.S.C.S. Const. Art. I, Sec. 9, C12."[3] (Pet'r's Br. at 4.) He asserts that "[a]lthough some Circuits have ruled against the application of the Suspension Clause to Habeas Petitions by State defendants the issue has not been unanimously or unambiguously laid to rest. Petitioner therefore challenges that this argument needs to be re-examined by this court in the interest of clarity." (Pet'r's Br. at 4.)

Notably, Claudio does not cite any case in which the court ruled that the one-year limitations period set forth in 28 U.S.C. § 2244 was in violation of the Suspension Clause. And this court has

---

[3] "The Privilege of the Writ of Habeas Corpus shall not be suspended unless when in Cases of Rebellion or Invasion the public Safety may require it."

8

found none. To the contrary, courts have been unanimous in ruling that 28 U.S.C. § 2244 does not violate the Suspension Clause. *See Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217-18 (11th Cir. 2000); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998). Claudio has not presented any substantive argument to suggest that the decisions of these courts are in error. Such being the case, Claudio's claim that the one-year limitations period is in violation of the Suspension Clause is rejected.

In conclusion, and for all of the foregoing reasons, this court finds that Claudio's federal habeas corpus petition was filed in untimely fashion. Therefore, his petition will be dismissed.

There is one final matter to address. The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the habeas petition is denied on procedural grounds without addressing the prisoner's underlying constitutional claim, a certificate of appealability is issued only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

9

was correct in its procedural ruling." *See Jimenez v. Quarterman,* 129 S. Ct. 681, 684 n.3 (2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As the Seventh Circuit similarly held, "[i]f success on a non-constitutional issue is essential . . ., and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In my opinion, and for the reasons set forth in this decision dismissing Claudio's habeas petition, none of Claudio's claims warrant a certificate of appealability. Put simply, the statutory timeliness of Claudio's petition is a straightforward issue, and this court does not believe that a reasonable jurist would find it debatable whether this court erred in resolving this non-constitutional question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the court will deny Claudio a certificate of appealability.

Of course, Claudio retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** that Claudio's petition for a writ of habeas corpus be and hereby is **DISMISSED** for untimeliness;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**SO ORDERED** this 22nd day of November, 2010 at Milwaukee, Wisconsin.

                      **BY THE COURT:**

                      s/ William E. Callahan, Jr.
                      WILLIAM E. CALLAHAN, JR.
                      United States Magistrate Judge